UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
JUN 21 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

GARY D. BROWN,

    Plaintiff,

v.    ACTION NO. 2:09cv243

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered August 28, 2009.

Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for a period of disability and disability insurance benefits ("DIB") pursuant to sections 416(i) and 423 of the Social Security Act (the "Act"). 42 U.S.C.A. §405(g)(2010).[1]

### I. PROCEDURAL BACKGROUND

On May 25, 2007, the plaintiff, Gary D. Brown ("Brown"), protectively filed an application

---

[1] All citations to the "Act" in this R&R are to the codified version of the United States Code, or the United States Code Annotated. In the record, the ALJ refers to these sections according to their administrative codification.

with the Social Security Administration ("SSA") for a period of disability and DIB in which he alleged a disability mainly due to depression, anxiety, and post-traumatic stress disorder ("PTSD") that began on September 1, 2005. [R. 11.][2] Brown's application was initially denied on November 29, 2007, and again on May 23, 2008 upon reconsideration. [R. 46-48, 53-55.] A hearing was held on August 14, 2008 before Administrative Law Judge ("ALJ") Michael J. Cummings in Norfolk, Virginia. [R. 32-43.] On September 11, 2008, Judge Cummings issued a decision denying benefits to Brown. [R. 11-19.] Brown's request for review by the Appeals Council (in the Office of Disability Adjudication & Review of the Social Security Administration) was denied on March 18, 2009. [R. 1-3.] Thus, the ALJ's decision became the defendant's (Commissioner's) final decision. Having exhausted all administrative remedies, Brown filed this action for judicial review, in accordance with 42 U.S.C. § 405(g), on June 2, 2009. [Doc. No. 3.] Brown and the Commissioner filed cross Motions for Summary Judgment pursuant to an Order dated August 31, 2009 and a second Order to Show Cause dated November 6, 2009. [Docs. No. 11 & 15.]

## II. **FACTUAL BACKGROUND**

Generally speaking, Brown suffers from depression. [R. 228-40.] He alleges other mental and physical ailments, which, according to the primary doctors in this case, are either not supported by examinations and evaluations, or are controlled with medication. [R. 228-40.] On November 12, 2007, Brown, then a 49-year-old male, was examined by Dr. Lawrence Ryan, M.D. [R. 184.] Dr. Ryan's impression was that Brown suffered from depression and did not exhibit any dysfunction from anxiety or PTSD. [R. 188.] He rated Brown's limitations to functional areas as mild in his ability to interact with others. [R. 188.] Brown was later examined by Dr. Ace Tubbs, Ph. D., who

---

[2] Page citations are to the administrative record previously filed by the Commissioner.

also indicated that Brown suffered from a major depressive disorder, though he contended that Brown was able to perform simple, repetitive tasks, and complete a normal work-week. [R. 192-94.] Dr. David Deaver, Ph.D., also completed a Psychiatric Review Technique Form ("PRTF") in which he indicated that he found Brown to be depressed, causing moderate limitations, but did not exhibit symptoms of PTSD or anxiety. [R. 195- 210.] Dr. Deaver agreed with Dr. Tubbs' assessment that Brown could complete a normal workday or workweek, could accept instructions from supervisors, and could interact with co-workers and the public. [R. 194, 210-11.]

Brown has a 100% service-connected disability rating from the Veteran's Administration ("VA") for depression. [R. 174.] In December 2007, he sought treatment from the VA, admitting that he had previously dropped out of treatment, and had not followed up since 2005. [R. 241.] An examination revealed that Brown was alert and oriented, pleasant, cooperative, and had good eye contact. [R. 241.] Brown was restarted on Sertraline for depression. [R. 241.]

In addition to mental issues, Brown also claimed several physical impairments including hypertension, gastroesophageal reflux disorder, and irritable bowel syndrome. [R. 228-40]. These physical impairments, however, were either controlled with the use of medications or did not cause significant functional limitations according to VA records. [R. 228-40.] In 2008, Brown also sought treatment at the VA for a two-week history of swelling and pain in his right knee. [R. 227.] An x-ray revealed only minimal degenerative change. [R. 212.] At that time Brown was issued a Disabled Parking Placard or License Plates Application form by Jian Zhu, M.D., who checked the option box that Brown "cannot walk 200 feet without stopping to rest," but did not indicate the reason for this limitation. [R. 284-85.]

In sum, the doctors' general diagnoses indicated that Brown suffered from depression, but

3

not PTSD or anxiety. [R. 228-85.] Brown also alleged several other physical impairments, however with regard to the pain in his knee, the x-ray was essentially normal, and all other physical problems were either controlled or did not cause significant functional limitations. [R. 228-85.]

### III. STANDARD OF REVIEW

In reviewing a decision of the Commissioner denying benefits, the Court is limited to determining whether the Commissioner's decision was supported by *substantial evidence* on the record, and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C.A. § 405(g) (2010) (emphasis added); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as 'a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. of N. Y. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays*, 907 F.2d at 1456. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." *Craig*, 76 F.3d at 589. The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Perales*, 402 U.S. at 390. Thus, reversing the denial of benefits is appropriate only if either (A) the ALJ's determination is not supported by substantial evidence on the record, or (B) the ALJ made an error of law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.

1987) (*citing Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)).

## IV. ANALYSIS

### A. Determining Disability

To qualify for a period of disability and DIB under sections 416(i) and 423, respectively, of the Social Security Act, an individual must meet the insured status requirements of these sections, be under age sixty-five, file an application for DIB and a period of disability, and be under a "disability" as defined in the Act. The Social Security Regulations define "disability" for the purpose of obtaining disability benefits under Title II of the Act as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a) (2010); *see also* 42 U.S.C.A §§ 423(d)(1)(A) and 416(i)(1)(A) (2010). To meet this definition, the claimant must have a "severe impairment" which makes it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

In evaluating claims for DIB, the regulations promulgated by the Social Security Administration provide that all material facts will be considered to determine whether a claimant has a disability. The Commissioner follows a five-step sequential analysis to ascertain whether the claimant is disabled. The ALJ must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that equals a condition contained within the SSA's official listing of impairments, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents him from any substantial gainful employment. An affirmative answer to question one, or negative answers to questions two or four, result in a

determination of no disability. Affirmative answers to questions three or five establish disability. This analysis is set forth in 20 C.F.R. § 404.1520.

## B. ALJ's Findings

In this case, ALJ Cummings found the following regarding Brown's condition. First, Brown had not engaged in substantial gainful activity since October 26, 2006.[3] [R. 13.]

Second, ALJ Cummings determined that Brown suffered from a severe impairment- a major depressive disorder. [R. 13.] The finding was primarily based on the evaluations of Dr. Tubbs and Dr. Ryan. [R. 13-14.] All of Brown's other impairments were non-severe because they did not exist for a continuous period of at least twelve months, were responsive to medication, did not require significant medical treatment, or did not result in any continuous exertional or non-exertional functional limitations. [R. 14.]

Third, Brown did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. § 404.1525, Appendix 1. [R. 14.] Brown's impairments did not cause a "marked" limitation in two areas, or an "extreme" limitation in one area considered in the "B" criteria of Listing 12.04 in 20 C.F.R. § 404.1525, Appendix 1. While ALJ Cummings acknowledged that Brown suffered an impairment that caused mild to moderate limitations, he noted that Brown still retained the ability to perform normal daily activities such as household chores and driving, and engage on some level of social interaction. [R. 15.] Thus, the ALJ found that even though Brown had a mental impairment that limited his ability to perform some

---

[3]Brown was previously granted disability insurance benefits effective July 1999, which ceased on July 1, 2005. Brown filed an appeal, but it was denied on reconsideration. Brown's request for a hearing was dismissed due to abandonment of the claim, and the dismissal was final as of October 25, 2006. [R. 11.]

tasks, he retained the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels,[4] but limited to simple, routine and repetitive tasks that require no more than occasional, superficial contact with the public. [R. 16.]

Fourth, ALJ Cummings found that Brown did not retain the ability to perform any past relevant work. [R. 18.] Brown worked as a cook, and the ALJ determined that the job required him to perform more than simple, routine and repetitive tasks. [R. 18.] The ALJ ruled that Brown's RFC precluded him from the performance of skilled or semi-skilled activities, and thus, he was unable to perform work as a cook. [R. 18.]

Lastly, pursuant to 20 C.F.R. 404.1560(c) and 404.1566 and considering Brown's age, education, work experience, and RFC, the ALJ determined that there were a significant numbers of jobs in the national economy that Brown could perform. [R. 18-19.] Given the minimal impact on the occupational base, or pool of available jobs, that Brown's impairments imposed, ALJ Cummings determined that there was work existing in significant numbers in which Brown could engage. [R. 27.]

C. Review

To recall, the standard of review in Social Security appeals mandates that this Court not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner's findings as to any fact, if

---

[4]The regulation classifies work into five different categories based on exertion. The preface describes the process, "[t]o determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy. These terms have the same meaning as they have in the Dictionary of Occupational Titles, published by the Department of Labor." 20 C.F.R. § 416.967 (2010).

supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). As a result, in order to prevail, Brown must overcome a hefty burden to prove there is not substantial evidence to support ALJ Cummings's decision. As the *Laws* court illuminated, substantial evidence is that which consists of "more than a mere scintilla" of evidence, but may be somewhat less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Alternatively, Brown may argue that the ALJ made an error of law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (*citing Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980)). In sum, Brown must prove that there is a mere scintilla, or less, of evidence to support ALJ Cummings' decision denying benefits, or that ALJ Cummings made an error of law.

In his brief, Brown submits several unresponsive pages and alleges several conclusory statements, namely that: (a) Dr. Tubbs contradicted himself in his examination report, and SSA findings of facts and conclusions of law in this case are confusing, contradictory and misleading; (b) he has the combination of impairments consistent with SSA Adult Listing (Part A) Introduction 12.01 Mental, 12.03, 12.05 Anxiety Disorder, and 12.07 Personality Disorder; (c) his impairments are consistent with criteria for Paragraph A (a set of medical findings), and B (a set of impairment related functional limitations); and (d) his disabilities are consistent with criteria as defined in §404.1520(c), and § 416.920(c). (Pl.'s Br. at 7) [Doc. No. 18.]

*Claim (a)*

In a bald assertion, Brown states that Dr. Tubbs' examination report was contradictory, and the findings of the ALJ were confusing, contradictory, and misleading. Brown provides no explanation or evidence to support this statement. Once again, "[u]ltimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings

8

of fact and to resolve conflicts in the evidence." *Hays*, 907 F.2d at 1456. Ambiguously claiming that the whole decision is confusing, contradictory and misleading is not sufficient to overcome Brown's burden in seeking a remand or reversal.

ALJ Cummings relied on substantial evidence to support his decision that Brown possesses a major depressive disorder and no other severe impairments, and is capable of work. He cited to Dr. Tubbs' assessment that Brown could perform simple tasks, was capable of interacting appropriately with co-workers, supervisors and the public, and that he showed no evidence of PTSD or anxiety. [R. 13.] ALJ Cummings also referenced Dr. Ryan's finding that Brown had mild limitations in his ability to interact with others, and cited to the VA records which showed that Brown's physical impairments- knee pain, reflux, irritable bowel syndrome- are controlled and do not cause significant limitations on Brown's ability to perform basic work activities. [R. 14.]

ALJ Cummings acknowledged that Dr. Zhu signed Brown's application for a disabled parking permit in which Dr. Zhu checked the option box that indicated Brown was unable to walk 200 feet without stopping to rest. [R. 14.] ALJ Cummings, however, afforded this evidence little weight given that Dr. Zhu did not elaborate as to what caused the limitation and the x-ray was essentially normal, showing only minimal degenerative changes. [R. 14.] Additionally, form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best. *Mason v. Shalala*, 994 F.2d 1058, 1065 (3rd Cir. 1993).

ALJ Cummings also referenced the VA's determination of 100% disability, and properly indicated that a decision by any non-governmental agency, or other governmental agency as to whether an individual is disabled is based on its own rules, and is not binding on the decision of an ALJ, like ALJ Cummings, who must make an assessment based on social security law. *See* 20

C.F.R.§ 404.1504; *see also Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir. 1990); *Wilson v. Heckler*, 761 F.2d 1383 (9th Cir. 1985); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). ALJ Cummings then stated that the VA's decision was not supported by the objective findings of evaluations, by the opinions of an examining physician and evaluating psychologist, or by the conservative nature of the treatment required. [R. 18.]

Thus, in accordance with 20 C.F.R. § 404.1520a(e)(2), and in weighing all of the evidence of clinical signs, laboratory findings, medications, state physicians, and the opinions of the treating, examining, and reviewing physicians, the ALJ determined that Brown suffered from a major depressive disorder but retained the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels that required no more than occasional, superficial contact with the public. [R. 15-18.] Therefore, Brown has failed to overcome the burden required by 42 U.S.C. 405(g).

*Claims (b), (c), and (d)*

Brown asserts that he has the combination of impairments consistent with SSA Adult Listing (Part A) Introduction 12.01 Mental, 12.03, 12.05 Anxiety Disorder, and 12.07 Personality Disorder that meet the "A" and "B" criteria of the Listings, and that his disabilities are consistent with criteria as defined in § 404.1520(c), and § 416.920(c). These claims are the epitome of conclusory statements, "*x* because *y*" and Brown provides no support for them. In fact, Brown states the very propositions that the ALJ was tasked to assess. Had Brown been able to make his own determination as to what constitutes an impairment that meets the criteria, the need for an ALJ would be obsolete.

Again, in this case, the ALJ's findings were based on substantial evidence. ALJ Cummings

relied on reports from Dr. Ryan and Dr. Tubbs, who personally observed Brown's condition and ability to interact, and who concluded that Brown suffered from depression, but not PTSD or anxiety. [R. 17.] ALJ Cummings also relied on those findings which indicated that Brown only had mild limitations in his ability to interact with others and to relate to co-workers, the public, and to accept instructions from supervisors.[R. 17.] He noted that both doctors described Brown as cooperative and polite. [R. 15, 17.] Additionally, ALJ Cummings considered the report of Robert Gerstle, Ph.D., the DDS medical consultant, who indicated that Brown possessed mild limitations with regard to daily activities and moderate limitations in his social functioning and concentration, persistence or pace. [R.17.] Because Dr. Ryan and Dr. Tubbs personally observed Brown's interaction and condition, ALJ Cummings afforded their reports greater weight over the report of Dr. Gerstle. [R. 17.] He did, however, include a limitation on dealing with the public in his final decision. [R.17.] Thus, ALJ Cummings relied on the findings of the examining physician and evaluating psychologist, the conservative nature of Brown's treatments, and the lack of objective evidence with regard to the his alleged impairments in making his assessment. Therefore, Brown's unsupported allegations are conclusory, unsupported, and unresponsive to the Order to show cause directed by the Court on December 16, 2009. [Doc. No. 15.]

ALJ Cummings assessed whether Brown had the impairments that satisfied all the criteria in the listing, and his findings, based on substantial evidence, directly contradict the vague conclusory statements in Brown's Motion for Summary Judgment. The ALJ found that Brown does *not* have an impairment or combination of impairments that meets one of the listed impairments, which would allow him to collect social security "regardless of age, education, or work experience." *See* 20 C.F.R.§ 404.1525(a). Section 404.1525(d) dictates that Brown cannot meet the criteria of

a listing based on diagnosis alone, and that he must have a medically determinable impairment that satisfies all the criteria in the listing. Brown alleges that he meets listings for 12.03 Schizophrenic, Paranoid and Other Pyschotic Disorders, or 12.05 Mental Retardation, and 12.07 Somatoform Disorders. These alleged impairments were not medically determinable in the record, and therefore the ALJ would have had no reason to evaluate them. Moreover, ALJ Cummings properly assessed Brown under 12.04, Affective Disorder, for his major depressive disorder, as the Court outlined above.

*Further Unresponsive Assertions*

Brown attaches 125 pages of exhibits, and makes further allegations that his attorney was incompetent, biased, and unfair, and that the SSA violated the Freedom of Information Act. (Pl.'s Br. at 4-6.) These documents and allegations were reviewed by the Court and are unresponsive to the decision of the ALJ. With respect to his attorney's alleged incompetence, Brown asserts that the Agency violated its administrative procedures, Soc. Sec. Admin, Hearings, Appeals and Litigation Law Manual ("HALLEX"), Chapter I-1-1 §§I-1-1-40, I-1-1-50, by not disqualifying Brown's attorney. (Pl.'s Br. at 4.) HALLEX, however, provides that the Commissioner may suspend or disqualify a representative who refuses to comply with the Commissioner's rules, only "after due notice and opportunity for a hearing." HALLEX § I-1-1-40. Thus, this matter is not properly before the Court, and should be handled in accordance with appropriate administrative procedures, or other organizations such as the Virginia State Bar, for suitable redress.

Brown further asserts that the Agency violated the Freedom of Information Act without detailing the reasons for the claim, and when he, in fact, attached 125 pages of exhibits to the Motion for Summary Judgment. Again, this claim is unsupported and not relevant to the ALJ's

determination.

With respect to the remaining 125 pages of exhibits, they do not support any of Brown's claims. Most of them pre-date the period of time at issue, are already in the administrative record, or are again, not relevant. [Doc. No. 18., Ex. 1.] In order for new evidence to warrant a remand to the Commissioner, it must meet the requirements set forth in *Borders v. Heckler*, 777 F.2d 954, 954-55 (4th Cir. 1985).[5] The requirements are that: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not merely cumulative; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must present to the remanding court at least a general showing of the nature of the new evidence. *Id.*

In this case, the new evidence does not support Brown's Motion for Summary Judgment. The exhibits are not material because ALJ Cummings' decision would not have changed in light of the new documents. The new documents, dated within the period at issue, show that Brown suffered from depression. [Doc. No. 18, Ex. 1.] ALJ Cummings already possessed this information and took it into consideration when making his finding that Brown has a major depressive order and limited his activity to simple, routine and repetitive tasks that require no more than occasional, superficial contact with the public. [R. 15-16.]

---

[5]Though the court in *Wilkins v. Sec'y of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991) indicated in a parenthetical that *Borders'* four part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit, and this Court, have continued to cite *Borders* as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the *Borders* construction of § 405(g) is incorrect. *See Washington v. Comm'r of Soc. Sec.*, 2009 WL 86737 at *5 (E.D. Va. 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F.Supp. 1248, 1250 n.3 (S.D.W. Va.1992).

Though he filed pro se, Brown was given ample opportunity to file pleadings to support his Summary Judgment motion and contradict the Commissioner's Motion for Summary Judgment. Brown's claims that his attorney was incompetent and the SSA should have removed him, and that SSA violated the Freedom of Information Act, as well as the additional 125 pages of exhibits are unresponsive and fail to contradict the findings of the ALJ, or provide any legal or factual basis to set aside the finding.

**D.     Conclusion**

In sum, recalling the standard of review set out in *Craig*, there appears "substantial evidence" to support the Commissioner's decision to deny disability, and DIB. Similarly, there is no apparent error of law on the part of the ALJ. This is so because Brown has failed to show that the ALJ's decision misapplied the law in his deliberative process. The ALJ's decision was supported by substantial evidence because he used the five-step model for determining disability, and, when he carefully scrutinized the objective medical evidence, he determined that Brown was capable of performing the exertional demands of simple, routine and repetitive tasks that require no more than occasional, superficial contact with the public. With the assigned RFC classification, the ALJ concluded that there were a substantial number of jobs existing in the national economy which Brown could perform. Finally, given the deferential standard afforded to the Commissioner as provided in *Perales*, the Court should affirm the ALJ's findings.

## V. RECOMMENDATION

For the foregoing reasons, the Court recommends that Brown's Motion for Summary Judgment be DENIED; that the Commissioner's Motion for Summary Judgment be GRANTED; that the final decision of the Commissioner be AFFIRMED; and that Judgment be entered in favor of

the Commissioner.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 21, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Gary D. Brown
3806 A Simms Road
Norfolk, VA 23518


Kent P. Porter, Esq.
United States Attorney's Office
101 W. Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk
June 21, 2010